DECISION AND JUDGMENT
{¶ 1} This is an accelerated, state appeal from the June 3, 2008 judgment of the Fremont Municipal Court which granted defendant-appellee Dale A. Sloan's motion to suppress evidence stemming from a traffic stop. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} On January 30, 2008, appellee was cited for speeding, R.C. 4511.21(C), and driving under the influence of alcohol, R.C. 4511.19(A)(1). Appellee entered a not *Page 2 
guilty plea to the charges and, on February 29, 2008, filed a motion to suppress the results of the field sobriety and chemical tests. Appellee argued that the stop was illegal because it was not supported by probable cause.
 {¶ 3} A hearing on the motion was held on April 22, 2008. On June 3, 2008, the trial court, in a written decision, granted appellee's motion to suppress. The court found that, based on the evidence presented at the hearing, the trooper did not have a reasonable basis for stopping appellee for speeding. This appeal followed.
 {¶ 4} The state now raises the following assignment of error for our consideration:
 {¶ 5} "The trial court erred in finding that a violation of R.C. 4511.21(C) must occur to justify the initial stop of a motor vehicle. In essence, the court ruled that a prima facie violation of the law does not provide probable cause or reasonable suspicion to justify the stop of a motor vehicle."
 {¶ 6} In its sole assignment of error, the state contends that a prima facie showing that a motorist was speeding is sufficient to establish probable cause for a traffic stop. Although the state's argument may have merit, we cannot address the merits of this case because the state failed to file a transcript of the suppression hearing as required under App. R. 9(B).
 {¶ 7} The state, as the party challenging the trial court's decision, has the duty to file the transcript to ensure that an appellate court can properly evaluate the lower court's decision. Chambers v.Chambers, 12th Dist. No. CA2001-06-014, 2002-Ohio-869, citing *Page 3 Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. The state has further failed to prepare an App. R. 9(C) statement of the evidence, settled and approved by the trial court.
 {¶ 8} Absent a transcript to review, we must presume the validity and regularity of the proceedings below with respect to the trial court's determination. Knapp. Further, because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility.State v. Lawson (Aug. 22, 1997), 2d Dist. No. 16288. Accordingly, we find that the state's assignment of error is not well-taken.
 {¶ 9} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Fremont Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
 JUDGMENT AFFIRMED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J, CONCUR. *Page 1